Zimmerman, J.
 

 On December 9, 1939, C. E. Smith, the appellant, filed his complaint with the Board of Revision of Washington county, Ohio, protesting the valuation for taxation in the year 1939 of certain real property owned by him in the city of Marietta, and asking for a reduction in its value. Tender of taxes was made on the basis of a valuation of $85,000.
 

 The property in question is situated at the southeast corner of Putnam and Second streets and is in square No. 51. It may be described as a part of inlot No. 690, 30 feet front by 101.3 feet deep, and as part of the same inlot, 53 feet front by 70 feet deep. Standing thereon is a reinforced concrete steel and brick fireproof building, having a terra cotta exterior trim, eight stories high, with a basement. Exclusive of the first floor, which has always been occupied for banking operations, there are 134 rooms available for renting
 
 *565
 
 or leasing. The building was constructed in two sections, half of it about the year 1900 at an approximate cost of $98,000, and the other half about the year 1920 at a cost of $247,000.
 

 Appellant purchased the property from the federal receiver of the old First National Bank of Marietta, with the approval of the Court of Common Pleas of Washington county, for $70,500, and took possession of it in October of 1939. At the time of appellant’s complaint to the board of revision, the land was listed on the duplicate for tax purposes at $25,990, and the building at $234,560, making a total of $260,550. The valuation had stood at this figure for a number of years.
 

 On August 16, 1940, the board of revision, upon- the evidence presented, decreased the value of the building from $234,560 to $124,010, making no reduction, however, in the land valuation. The effect of the order entered was to reduce the tax value of the entire property from $260,550 to $150,000.
 

 Being dissatisfied with such determination, appellant appealed to the Board of Tax Appeals of the state Department of Taxation, which heard the matter on the transcript of the proceedings of the county board of revision and the evidence. It found “that the valuation of said property as found and determined by said county board of revision is the true value thereof in money,” approved the same and denied the appeal.
 

 The controversy was then appealed to this court under the provisions of Section 5611-2, G-emeral Code.
 

 Appellant’s property is in the main business district of the city of Marietta and it is clear that the land value for tax purposes is on an equality with other nearby lands. Upon a consideration of the physical condition of the building, its age, location, the income therefrom and its subjectivity to flood conditions, one of appellant’s witnesses deposed, “I did not think this building would be a good investment up to $100,000, ’ ’
 
 *566
 
 and another stated, “I thought $75,000 represented the top value.”
 

 Appellee, the county board of revision, offered in evidence as an exhibit the written report of an appraisal engineering company, which made a complete survey of the property in question during the -summer of 1940 at the request of the Auditor of Washington county. The last paragraph of the signed report reads:
 

 “Taking into consideration all factors affecting value, it is our opinion that the sound present value of the building only as of July 26,1940, is one hundred fifty thousand dollars ($150,000).”
 

 It was further developed by the evidence that appellant had a $45,000 first mortgage on the property, a capital investment of $24,625, and carried insurance on the building in the amount of $300,000. In 1939, ninety per cent of the building was occupied and in 1940, eighty-nine and fifty-three hundredths per cent, with the prospect of a reduction to seventy-six and. eighty-four hundredths per cent. During 1940 the property provided a gross revenue of $22,325.79, with total expenses listed at $16,791.34.
 

 Upon the record and the evidence as a whole, we would not be warranted in holding that the decision of the Board of Tax Appeals fixing the true- value of the property at $150,000 is unreasonable or unlawful, and unreasonableness or unlawfulness must be found in order to reverse or modify. Section 5611-2, General Code;
 
 Bd. of Edn. of Cleveland Heights City School Dist.
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio St., 283, 25 N. E. (2d), 453.
 

 It follows that the decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Bettman, JJ., concur.