The Youngstown Club, Appellant, *v.* Porterfield,
Tax Commr., Appellee.

(No. 69-405—Decided February 4, 1970.)

84

*Messrs. Mitchell, Mitchell & Reed, Mr. George B. Woodman, Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. Robert N. Dineen,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. George M. Hauswirth,* for appellee.

DUNCAN, J.  Appellant here contends that the charges are gratuities not constituting sales as defined in Section 5739.01, Revised Code, and, alternatively, that the service charges are in payment for installing or applying property purchased and are therefore excluded from the term "price," or the base upon which the tax is calculated, under Section 5739.01(H), Revised Code.*  Our inquiry is to determine whether the board's decision was unreasonable or unlawful.  Section 5717.04, Revised Code; *Smith* v. *Board of Revision*, 138 Ohio St. 564; *Board of Edn.* v. *Evatt*, 136 Ohio St. 283; *Hercules Galion Products, Inc.,* v. *Bowers,* 171 Ohio St. 176.

Section 5739.02, Revised Code, levies a sales tax based upon the price of a retail sale.  In defining "sale," Section 5739.01(B), Revised Code, states, in part:

" 'Sale' and 'selling' include * * * the furnishing, preparing, or serving for consideration of any tangible personal property consumed on the premises of the person furnishing, preparing, or serving such tangible personal property. * * *"

The Club's new policy of a mandatory service charge replaced the custom of voluntary gratuities or tips, the amounts of which were not included and reported in tax returns viewed as taxable portion of sales. Since the new policy was implemented, admittedly to increase the income of waiters and thereby produce better service to members, it is reasonable to find that the charge, categorized as mandatory, is consistent with the purpose of achieving better club service for the members.

Appellant's contention that the so-called gratuity is ex-

---

*Section 5739.01(H), Revised Code, provides, in part, as follows:

" 'Price' means the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of the materials used, labor or service cost, interest or discount paid or allowed after the sale is consummated, or any other expense.  Price does not include the consideration received for labor or services used in installing or applying the property sold if the consideration for such services is separately stated from the consideration received or to be received for the tangible personal property transferred in the retail sale."

cludable in the computation of a sale is directly contrary to the statutory definition in Section 5739.01(B), Revised Code, quoted above. The Club is furnishing and serving food and drinks, and its billing to members includes the service charge. The fact that the service charge is somewhat segregated from the charge for food and drinks, and will eventually pass to the waiters, does not make that labor cost any different from the amount for fixed labor costs which are included in the price for food and drinks. In finding that these service charges should be included in the price of a sale, the board's action was neither unreasonable nor unlawful.

The Club, in arguing its right to an exception, also contends that the 15 per cent charge should be excluded from the tax base because Section 5739.01(H), Revised Code, excepts from the price "consideration received for labor or services used in installing or applying the property sold if the consideration for such services is separately stated from the consideration received or to be received for the tangible personal property transferred in the retail sale." The "separately stated" requirement is discussed in *Cogen* v. *Glander*, 156 Ohio St. 263, and *Wilson* v. *Glander*, 151 Ohio St. 479, and is not here in issue. The controversy in the instant case focuses upon the meaning of the words "installing" and "applying." Appellant contends that payment to a person serving food or drink comes within this exception.

In construing statutes, it is customary to give words their plain ordinary meaning unless the legislative body has clearly expressed a contrary intention. *Western & Southern Life Ins. Co.* v. *Huwe*, 116 F. 2d 1008; *Baker* v. *Powhattan Mining Co.*, 146 Ohio St. 600; *Carter* v. *Division of Water, Youngstown*, 146 Ohio St. 203; *Schario* v. *State*, 105 Ohio St. 535. The words "installing" or "applying," as applied to personal property, are not ordinarily or customarily associated with the serving of food or drinks. Words ordinarily associated with food are preparing, serving, cooking, furnishing, or words of similar tenor. Moreover, the General Assembly has revealed that

it was cognizant of the words which are ordinarily associated with food, by its definition of the word "sale" as including the "furnishing, preparing, or serving for consideration any tangible personal property consumed on the premises of the person furnishing, preparing, or serving such tangible personal property. * * *" Section 5739.01(B), Revised Code. The Club having failed to meet the requirement of affirmatively illustrating its rights to an exception, the board's determination must stand. See *National Tube Co.* v. *Glander,* 157 Ohio St. 407; *Merchants Cold Storage Co.* v. *Glander,* 150 Ohio St. 524.

*Decision affirmed.*

TAFT, C. J., MATTHIAS, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.

O'NEILL, J., dissents.