O'DELL, APPELLANT, *v.* O'DELL, APPELLEE.

[Cite as O'Dell v. O'Dell (1977), 55 Ohio App. 2d 149.]

(No. 1118—Decided July 13, 1977.)

*Mr. Carl Lawrence Kleeman,* for appellant.
*Mr. Lynn Alan Grimshaw,* for appellee.

GREY, J. This is an appeal from the Scioto County Court of Common Pleas wherein the trial court granted defendant's motion for summary judgment. The facts in this case are undisputed. On June 19, 1974, the defendant was admitted to the Athens Mental Health Center and the admission was made indeterminate on August 16, 1974. Defendant remained in such institution until June 16, 1975, when he was granted leave from the institution until July 10, 1975. On July 2, 1976, plaintiff filed her complaint for divorce asserting as grounds under R. C. 3105.01(K) that she and defendant, without interruption, lived separate and apart for more than two years and that the defendant has been guilty of extreme cruelty. A guardian *ad litem* was appointed and the defendant filed a motion for summary judgment on the grounds that, pursuant to R. C. 3105.01(K), when a person is confined in a mental hospital, a period of separation shall be 4 years and plaintiff, therefore, was not entitled to a divorce. The trial court upheld

the motion for summary judgment, holding that there was no issue as to any material fact and that defendant was entitled to a judgment as a matter of law. From that decision, the plaintiff filed an appeal.

The record and the briefs of counsel contain no indication as to what became of the second ground of extreme cruelty.

Appellant makes two assignments of error, both essentially alleging that the four year period under R. C. 3105.01(K) is not applicable to this case and that the trial court erred in so holding. The first assignment of error and the second assignment of error shall be considered jointly inasmuch as they both raise the same point —the construction and interpretation of R. C. 3105.01(K) of the Revised Code. That section provides as follows:

"The Court of Common Pleas may grant divorces for the following causes: * * *

"(K) On the application of either party, when husband and wife have, without interruption for two years, lived separate and apart without cohabitation, and four years in the case in which one of the parties is continually confined to a mental institution. A plea of *res judicata* or of recrimination with respect to any provision of this section does not bar either party from obtaining a divorce on this ground."

*Wachendorf* v. *Shafer,* 149 Ohio St. 231, holds that the court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged. Statutes clear on their face are not to be construed, but applied. *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83; *Board of Edn.* v. *Fulton County Budget Comm.* (1975), 41 Ohio St. 2d 147.

R. C. 3105.01(K) is clear on its face. Where a husband and wife have lived separate and apart without cohabitation for two years, such conduct constitutes grounds for divorce. Where one of the parties is confined in a mental institution that period is extended to 4 years. Appel-

lant would have us find that where a party is released from a mental institution on a trial visit that he is no longer confined. We cannot uphold that interpretation.

Webster's Third New International Dictionary (1971), tells us that the word "confine" comes from the word "confiner," meaning to border, or to lie contiguous, and in English confine is defined as "to restrain within limits." Appellant argues as follows:

"It is thus clear that one cannot be both 'continually confined' in a mental institution and at liberty to leave the institution for a trial visit during the same period of time."

R. C. 5122.22 provides:

"When the head of a hospital considers it for the best interest of a patient, he may permit the patient to leave the institution on a trial visit, which shall be for such period of time as the head determines but shall not exceed ninety days, unless extended for subsequent periods not to exceed ninety days after evaluation of the patient's condition.

"The head of a hospital upon releasing a patient on trial visit may impose such requirements and conditions in relation to the patient while he is absent from the hospital as are consistent with the treatment plan.

"The head of the hospital from which the patient is released on trial visit may at any time revoke the trial visit if there is reason to believe that it is in the best interests of the patient to be returned to the hospital.

"If the revocation of the trial visit is not voluntarily conplied with, the head of the hospital shall within five days authorize any health or police officer or sheriff to take the patient into custody and transport him to the hospital.

"If an involuntarily committed patient has successfully completed one year of continuous trial visit, the head of the hospital shall discharge the patient subject to any applicable notice requirements of section 5122.21 of the Revised Code."

A patient in a mental hospital on a trial visit is sub-

ject to the conditions and restrictions imposed by the head of the hospital. More significantly, the trial visit may be revoked at any time without any of the procedural safeguards required in other sections of R. C. Chapter 5122. A trial visit is not a release from confinement, but could best be described as keeping the patient on a long leash.

R. C. 5122.21 determines when and how a discharge from a mental hospital is to take place. The only reasonable construction of R. C. 5122.21 requires us to hold that a patient is confined until discharged.

We therefore hold that "continuously confined in a mental institution" as used in R. C. 3105.01(K) shall be construed to mean that where a person is committed to a mental institution, pursuant to R. C. Chapter 5122, such confinement continues until a person is granted a discharge under R. C. 5122.21.

*Judgment affirmed.*

ABELE, P. J., and STEPHENSON, J., concur.