CINCINNATI METROPOLITAN HOUSING AUTHORITY, APPELLANT, *v.* MORGAN, APPELLEE.

[Cite as *Cincinnati Metro. Hous. Auth. v. Morgan,* 104 Ohio St.3d 445, 2004-Ohio-6554.]

(No. 2003–2102—Submitted October 13, 2004—Decided December 15, 2004.)

MOYER, C.J.

{¶ 1} Pursuant to R.C. 1923.04, at least three days before bringing an action for forcible entry and detainer against a tenant, a landlord must give a tenant notice to vacate the premises. Division (A) of the statute provides three means by which a landlord may serve the notice: "by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted." This case requires us to decide whether the posting of a three-day notice to vacate on the outside of the door to the premises is sufficient notice under R.C. 1923.04(A).

{¶ 2} Cassandra Morgan, defendant-appellee, leases an apartment owned by Cincinnati Metropolitan Housing Authority ("CMHA"), plaintiff-appellant. Morgan's lease requires rent payments to be made on the first day of each month and affords an additional six-day grace period during which Morgan may make her rent payment. After Morgan failed to pay her rent by July 7, 2002, CMHA initiated the eviction process by serving Morgan with notice of termination of the lease. CMHA then served Morgan with a three-day notice to vacate the premises by posting it on the outside of the door to her apartment. On August 14, 2002, CMHA filed a forcible entry and detainer action in Hamilton County Municipal Court, seeking a writ of restitution of the premises. The Hamilton County Municipal Court adopted a magistrate's recommendation and issued the writ.

{¶ 3} Morgan appealed to the First District Court of Appeals. In her first assignment of error, Morgan asserted that if a landlord chooses to serve a three-day notice to vacate the premises under R.C. 1923.04(A) "by leaving it at [the tenant's] usual place of abode or at the premises from which the [tenant] is sought to be evicted," the notice must reach the interior of the premises. The First District agreed and held that the posting of the three-day notice to vacate on the outside of the door to the premises was insufficient notice under R.C. 1923.04(A).

{¶ 4} This cause is now before this court upon the acceptance of a discretionary appeal.

{¶ 5} CMHA presents three propositions of law for our consideration. In its first proposition, CMHA argues that because a three-day notice to vacate is different from a complaint for forcible entry and detainer, notice need not be served in the same manner as a complaint. In its second proposition, CMHA asserts that R.C. 1923.04(A) does not impose an "actual notice" requirement. In its third proposition, CMHA contends that posting a three-day notice on the outside of the door to the premises satisfies due process. We will consider all three propositions together in deciding the basic question whether the posting of

a three-day notice to vacate on the outside of the door to the premises is sufficient service under R.C. 1923.04(A).

{¶ 6} We begin our analysis by examining the relevant statutory language. Unless words are otherwise defined or a contrary intent is clearly expressed, we give words in a statute their plain and ordinary meaning. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412; *Youngstown Club v. Porterfield* (1970), 21 Ohio St.2d 83, 86, 50 O.O.2d 198, 255 N.E.2d 262. R.C. 1923.04(A) permits a landlord to serve a tenant with a three-day notice to vacate the premises "by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted." Morgan asserts that the General Assembly's use of the word "at" in R.C. 1923.04(A) indicates intent to require the notice to reach the interior of the premises. We disagree.

{¶ 7} R.C. 1923.04 is clear and unambiguous, and we must refrain from adding or deleting language. *Dougherty v. Torrence* (1982), 2 Ohio St.3d 69, 70, 2 OBR 625, 442 N.E.2d 1295. The delivery of notice inside the premises is a specific requirement that is not reflected in the wording of R.C. 1923.04(A). Had the General Assembly intended to require a three-day notice to reach the interior of the premises, that intention would have been manifested by use of a word other than "at." That intention would have been aptly reflected by use of the word "inside." Accordingly, we hold that R.C. 1923.04(A) permits a landlord to post a three-day notice to vacate the premises on the outside of the door to the premises. CMHA properly served Morgan with notice to vacate the premises.

{¶ 8} In support of her position, Morgan also argues that, based on the holding of the United States Supreme Court in *Greene v. Lindsey* (1982), 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249, R.C. 1923.04(A) cannot constitutionally permit a landlord to leave a three-day notice to vacate on the outside of the door to the premises. *Greene* involved a Kentucky forcible entry and detainer statute that permitted service of process by posting a summons on the door to the premises. The court held that, in the circumstances of that case, that means of service did not satisfy minimum standards of due process. *Greene*, 456 U.S. at 453, 102 S.Ct. 1874, 72 L.Ed.2d 249. We are aware that we must read R.C. 1923.04 in a way that will "permit it to operate lawfully and constitutionally." *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 260, 269, 652 N.E.2d 952, citing *Schneider v. Laffoon* (1965), 4 Ohio St.2d 89, 97, 33 O.O.2d 468, 212 N.E.2d 801. Our determination that R.C. 1923.04(A) authorizes a landlord to post a three-day notice on the outside of the door to the premises does not render the statute unconstitutional.

{¶ 9} The court in *Greene* stated that "posting notice on the door of a person's home would, in many or perhaps most instances, constitute not only a constitutionally acceptable means of service, but indeed a singularly appropriate and

effective way of ensuring that a person who cannot conveniently be served personally is actually apprised of proceedings against him." Id., 456 U.S. at 452–453, 102 S.Ct. 1874, 72 L.Ed.2d 249. The court nevertheless held that, under the particular facts before it, such notice was not sufficient, basing its holding on specific evidence that "notices posted on apartment doors in the area where these tenants lived were 'not infrequently' removed by children or other tenants before they could have their intended effect." Id. at 453, 102 S.Ct. 1874, 72 L.Ed.2d 249. In the instant case, Morgan offers no evidence that tenants in the area have experienced the removal of notices from apartment doors. Moreover, Morgan does not contend that the notice to vacate was removed from her door. Thus, our determination that R.C. 1923.04(A) permits a landlord to post a three-day notice to vacate on the outside of the door to the premises does not render the statute unconstitutional.

{¶ 10} For the foregoing reasons, we reverse the judgment of the court of appeals.

*Judgment reversed.*

RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————————

Joy E. Gazaway and Richard S. Rust IV, for appellant.

Legal Aid Society of Greater Cincinnati, Marcheta L. Gillam and Elizabeth A. Mulcahy, for appellee.

Katz, Greenberger & Norton LLP and Stephen E. Imm, urging reversal for amici curiae, Ohio Apartment Association, Greater Cincinnati and Northern Kentucky Apartment Association, and Cincinnati Real Estate Investors Association.