OPINION
{¶ 1} Appellant Hawley Warren pleaded guilty to one count of attempted trafficking in crack cocaine. The Mahoning County Court of Common Pleas imposed a mandatory one-year prison term. Appellant argues on appeal that the mandatory prison terms set forth in R.C. § 2925.03(C), the drug trafficking statute, do not apply when the conviction is for attempted drug trafficking. Appellant contends that the penalties for a charge of attempt are set forth in R.C. § 2923.02, the attempt statute, rather than in the statute defining the underlying crime. Generally, one is punished for an attempted crime as if the crime charged was one lesser degree than the underlying crime. In this case, the underlying crime was a second degree felony. The attempted crime was, therefore, a third degree felony. The attempt statute, though, is silent as to whether any other penalty provisions of the underlying crime should also be imposed, such as the mandatory prison term described in the drug trafficking statute. Appellant concedes that the punishment provisions of the attempt statute may be ambiguous as to whether a mandatory prison term should have been imposed, but he argues that this ambiguity must be construed in his favor and against the state. Appellant's arguments are, for the most part, correct, and his sentence is hereby vacated and the case remanded for resentencing.
 Procedural History {¶ 2} On March 11, 2004, Appellant was indicted, along with codefedant Marquis Reynolds, with one count of drug trafficking, a second degree felony pursuant to R.C. § 2925.03(A)(2) and (C)(4)(e). Appellant was accused of trafficking in crack cocaine, "in an amount that exceeds ten grams but does not exceed twenty five grams[.]" (3/11/04 Indictment, p. 2.)
 {¶ 3} On May 7, 2004, Appellant filed a motion to suppress. Before the motion could be heard, Appellant entered into a Crim.R. 11 plea agreement in which the charge was reduced to attempted trafficking in crack cocaine. On February 28, 2005, the trial court conducted a joint plea hearing with Appellant and codefendant Reynolds. The trial court accepted Appellant's guilty plea to one count of attempted trafficking in crack cocaine pursuant to R.C. § 2925.03(A)(2) and (C)(4)(e), and pursuant to the requirements of the "attempt" statute found in R.C. §2923.02.
 {¶ 4} The following provision was part of the written plea agreement:
 {¶ 5} "IF THE COURT IS NOT REQUIRED BY LAW TO IMPOSE A PRISON SANCTION, IT MAY IMPOSE A COMMUNITY CONTROL OR OTHER NON-PRISON SANCTION." (2/28/05 Plea Agreement, p. 3.)
 {¶ 6} The written plea agreement also contained a provision in which the state would recommend a one-year prison term. (2/28/05 Plea Agreement, p. 2.)
 {¶ 7} At the plea hearing the trial court informed Appellant that he was subject to a mandatory prison term:
 {¶ 8} "For you, Mr. Warren, upon a finding of guilt, you are looking at mandatory time, also one to five years. Minimal amount of time in the penitentiary, one year; maximum time, five years; with a driver's license suspension of six months to five years. In your particular matter you are also looking at a mandatory fine of — I think it's 10,000" (2/28/05 Tr., pp. 7-8.)
 {¶ 9} The sentencing hearing took place on May 3, 2005. Appellant's counsel asserted at the hearing that the mandatory sentencing provisions in the drug trafficking statute did not apply to a conviction for attempted drug trafficking. On May 9, 2005, the court filed its sentencing entry. The court held that the charge contained a mandatory prison sentence. The trial court also found that Appellant was not amenable to community control sanctions and that a prison term was consistent with the purposes of felony sentencing set forth in R.C. § 2929.11. The court sentenced Appellant to one year in prison. This timely appeal followed.
 {¶ 10} Appellant presents two assignments of error on appeal. His first assignment of error states:
 {¶ 11} "THE IMPOSITION OF A ONE (1) YEAR DEFINITE TERM OF INCARCERATION AS A MANDATORY TERM OF INCARCERATION WAS CONTRARY TO LAW."
 {¶ 12} In this assignment of error, Appellant is challenging the trial court's conclusion that a prison term was mandatory for a conviction of attempted trafficking in crack cocaine. Thus, Appellant is appealing his sentence because he believes it to be contrary to law. A criminal defendant may appeal as a matter of right a sentence that is contrary to law. R.C. § 2953.08(A)(4). The standard of review of a felony sentence is contained in R.C. § 2953.08(G)(2):
 {¶ 13} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court'sstandard for review is not whether the sentencing court abusedits discretion. The appellate court may take any actionauthorized by this division if it clearly and convincingly findseither of the following:
 {¶ 15} "(a) That the record does not support the sentencingcourt's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 16} "(b) That the sentence is otherwise contrary tolaw." (Emphasis added.)
 {¶ 17} At issue in this appeal is the interpretation and interaction of two criminal statutes: the attempt statute and the drug trafficking statute. The primary concern in the interpretation of a statute is legislative intent. State v.Jordan (2000), 89 Ohio St.3d 488, 491, 733 N.E.2d 601. Courts will look to the language of the statute itself in attempting to ascertain the legislative intent. See Stewart v. Trumbull CountyBd. of Elections (1973), 34 Ohio St.2d 129, 130, 296 N.E.2d 676. In examining the actual language of a statute, words should be given their common, ordinary and accepted meaning unless the legislature has clearly expressed a contrary intention.Youngstown Club v. Porterfield (1970), 21 Ohio St.2d 83, 86,255 N.E.2d 262.
 {¶ 18} Since this appeal involves the interpretation of two statutes, a closer look at those statutes is in order. R.C. §2923.02, the "attempt" statute, states:
 {¶ 19} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 20} The punishment for an attempt is governed by R.C. §2923.02(E):
 {¶ 21} "(E) Whoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit a drugabuse offense for which the penalty is determined by the amountor number of unit doses of the controlled substance involved inthe drug abuse offense is an offense of the same degree as thedrug abuse offense attempted would be if that drug abuse offensehad been committed and had involved an amount or number of unitdoses of the controlled substance that is within the next lowerrange of controlled substance amounts than was involved in theattempt. An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted. * * *" (Emphasis added.)
 {¶ 22} In this case, the underlying offense is drug trafficking, as found in R.C. § 2925.03(A)(2):
 {¶ 23} "(A) No person shall knowingly do any of the following:
 {¶ 24} "* * *
 {¶ 25} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 26} The severity of a drug trafficking charge is determined by the type and amount of the drug involved. In this case, the drug was crack cocaine, and the amount was between 10 and 25 grams. This situation is covered by R.C. §2925.03(C)(4)(e):
 {¶ 27} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 28} "* * *
 {¶ 29} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 30} "* * *
 {¶ 31} "(e) Except as otherwise provided in this division,if the amount of the drug involved equals or exceeds one hundred grams but is less than five hundred grams of cocaine that is not crack cocaine or equals or exceeds ten grams but is lessthan twenty-five grams of crack cocaine, trafficking in cocaineis a felony of the second degree, and the court shall impose as amandatory prison term one of the prison terms prescribed for afelony of the second degree. * * *" (Emphasis added.)
 {¶ 32} It is clear that a person who is convicted of drug trafficking under R.C. § 2925.03(C)(4)(e) is subject to a mandatory prison term as set forth in the statute. The attempt statute, though, does not expressly adopt or incorporate the penalty provisions of the underlying crime. The attempt statute indicates that an attempt to commit a drug offense, "is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance * * *." (Emphasis added.) R.C. § 2923.02(E). In this case, the next lower range of drug trafficking is found in R.C. §2925.03(C)(4)(d):
 {¶ 33} "(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds ten grams but is less than one hundred grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than tengrams of crack cocaine, trafficking in cocaine is a felony of thethird degree, and the court shall impose as a mandatory prisonterm one of the prison terms prescribed for a felony of the thirddegree. If the amount of the drug involved is within one of those ranges and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." (Emphasis added.)
 {¶ 34} Based on the language of the attempt statute, Appellant's crime was a third degree felony. The parties do not dispute this fact. The question is whether the remaining punishment provisions of the drug trafficking statute as found in either R.C. § 2925.03(C)(4)(d) or (e) must be imposed on a defendant convicted of attempted drug trafficking.
 {¶ 35} Appellant asserts that he was convicted of the crime of attempted trafficking in crack cocaine, and that the trial court was required to sentence him for this specific crime. Appellant contends that the one-year mandatory prison sentence imposed by the trial court was contrary to law because the attempt statute, R.C. § 2923.02, does not contain any mandatory sentencing provisions. Appellant argues that the mandatory prison sentence set forth in the drug trafficking statute, R.C. §2925.03(C)(4)(e), is not implicitly or explicitly contained in the statute dealing with attempted crimes. Appellant contends that the trial court had no basis for inferring that the attempt statute incorporated all the penalty provisions contained in the underlying crime of drug trafficking. Appellant argues that the attempt statute only refers to the degree of the drug offense, and it is only the degree of the offense (rather than any other penalty provisions) that may be taken from the statute defining the underlying offense. Appellant submits that he should have been punished under the general provisions governing third degree felonies, and not under the more specific provisions of the drug trafficking statute.
 {¶ 36} Appellant agrees that the attempt statute may be ambiguous with respect to the mandatory prison term provision in R.C. § 2925.03(C)(4)(e). Appellant argues, though, that criminal statutes are to be strictly construed against the state and in favor of the accused, and that any ambiguities in R.C. § 2923.02
should be interpreted in his favor. See, e.g., State v. Jordan
(2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601. As clearly set forth in R.C. § 2901.04(A): "[S]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." If the attempt statute is construed in Appellant's favor as required by law, he concludes that he should not have been given a mandatory prison sentence.
 {¶ 37} Appellee argues in rebuttal that the attempt statute should be read to incorporate the punishment provisions of the underlying crime, citing a case from the Eighth District Court of Appeals in support, State v. Hall (June 29, 2000), 8th Dist. No. 76374. In Hall, the defendant was originally charged with possession of cocaine, and the quantity was such that the charge was a first degree felony. The defendant later agreed to plead to attempted possession of cocaine. The Hall court reviewed whether the defendant's plea bargain allowed the trial judge to impose the mandatory penalty provisions of the drug possession statute, including a mandatory fine and license suspension.Hall held that, "[a]n `attempted' possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the offense." Hall at *5. Hall concluded that, since an attempt is not a separate crime, all the penalty provisions of the underlying crime must necessarily apply to an attempt conviction. The Hall opinion did not explain how the court arrived at this conclusion, except by reference to Statev. Guillem (Dec. 2, 1999), 8th Dist. No. 75995. A closer look atGuillem reveals that its reasoning was based on the logic ofState v. Mramor (Oct. 2, 1986), 8th Dist. No. 50976, and it is this earlier case that explains the issue that the Eighth District was originally concerned about.
 {¶ 38} In Mramor, the defendant was originally charged with one count of robbery, R.C. § 2911.02, which currently states:
 {¶ 39} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 40} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 41} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 42} "(3) Use or threaten the immediate use of force against another." (Emphasis added.)
 {¶ 43} The defendant later pleaded guilty to one count of attempted robbery under R.C. § 2923.02 (the attempt statute) and R.C. § 2911.02 (the robbery statute). More than three years later, the defendant moved to withdraw his plea on the basis that attempted robbery was not a crime in Ohio. The trial court overruled the motion, and the matter was appealed. Although the appellate opinion does not make it entirely clear, the defendant was apparently suggesting that he was charged with attempting to attempt robbery, since the concept of "attempt" is already included in the robbery statute. The defendant was challenging the authority of the state to prosecute him for attempted attempted robbery. The Eighth District held that, "`attempted robbery' is a criminal offense in Ohio. However, rather than being a separate and distinct offense, `attempted robbery' is incorporated into the offense of robbery as defined in R.C. 2911.02(A)." Id. at *2. Thus, the defendant was only being prosecuted for attempted robbery as defined in the robbery statute, and not an attempt to commit attempted robbery.
 {¶ 44} The Eighth District's Hall case, which ultimately relies on the reasoning of Mramor, did not fully consider the context of Mramor when it concluded that attempted drug possession is also included in the crime of drug possession. R.C. § 2925.11, the drug possession statute, does not incorporate "attempt" language into the statute. Neither does drug trafficking under R.C. § 2925.03 incorporate "attempt" language into the statute. These crimes are distinguishable from crimes like robbery (R.C. § 2911.02), or felonious assault (R.C. §2903.11), which define the crime, at least in part, in terms of an attempt to commit a criminal act. Based on this reasoning, the cases cited by Appellee are inapposite to the facts of the instant appeal. As a general rule, attempt language is not incorporated into the statutory language of the underlying crime. The only means of charging an attempt for most criminal statutes is through R.C. § 2923.02, and it is this statute that governs the penalties for an attempt.
 {¶ 45} Appellee also argues in rebuttal that the plea agreement in this case continued to refer to the original charge. Thus, Appellant was subject to the penalties available in the original charge. This argument is disingenuous, at best. A defendant is not sentenced on any and all crimes that are mentioned in the indictment. Rather, a defendant is sentenced only on those crimes for which he or she is convicted. The fact that the plea agreement refers, in part, to R.C. § 2925.03(A)(2) and (C)(4)(e) does not impact in any way the fact that the crime to which Appellant pleaded guilty was attempted trafficking in crack cocaine. If Appellee is trying to argue that Appellant actually pleaded guilty to both trafficking in crack cocaine and attempted trafficking in crack cocaine, this would certainly invalidate the plea agreement and the conviction, for there is no other indication in the record that Appellant or anyone else involved in this case understood that the plea included an implicit or additional conviction for trafficking in crack cocaine.
 {¶ 46} The only appellate case we have found that actually analyzes the problem that Appellant has raised is from the Second District Court of Appeals, and this case supports Appellant's argument. State v. McDougald (Oct. 20, 2000), 2nd Dist. No. 17979, held that the attempt statute uses the terms of the underlying crime only to determine the degree of the attempted crime, and not to incorporate any other punishment provisions of the underlying crime. McDougald was dealing with almost the same situation that occurred in the instant case. The defendant was originally indicted for trafficking in crack cocaine in an amount exceeding 25 grams but not exceeding 100 grams; a first degree felony with a mandatory prison term of two years. Id. at 5. The defendant later entered into a Crim.R. 11 plea agreement in which the charge was reduced to attempted trafficking in crack cocaine pursuant to R.C. § 2923.02. The prosecutor insisted that the mandatory minimum sentence contained in the drug trafficking statute should apply, even though the defendant pleaded guilty to attempted trafficking. Id. The Second District held:
 {¶ 47} "[W]e disagree with the State's claim that the content of R.C. 2925.03(C) applies, and with the State's corresponding belief that a prison sentence was, therefore, mandatory. As we said earlier, McDougald was originally charged with selling or offering to sell between 25 and 100 grams of crack cocaine. Under R.C. 2925.03(C)(4)(f), the original violation was a first degree felony, and the trial court would have been required to impose a prison term from two to eight years. However, because of the plea bargain, the indictment was amended to attempted trafficking in crack cocaine, in violation of R.C. 2923.02(A). McDougald's other charge was also reduced to a fourth degree felony. At the plea hearing, the court told McDougald that both offenses were probationable. Obviously, if the court felt bound to impose a mandatory prison sentence, it would not have made this remark.
 {¶ 48} "Concerning attempts to commit crimes, R.C. 2923.02(A) provides that
 {¶ 49} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
 {¶ 50} "Division (E) of R.C. 2923.02 then says that:
 {¶ 51} "[w]hoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt.
 {¶ 52} "Significantly, R.C. 2923.02(E) does not equate an attempt with the actual drug offense; instead, it simply equates the degree of the offenses, i.e., first degree, second degree, and so on. Therefore, under the above statute, McDougald's attempt to traffic in crack cocaine would become a second degree felony, since that is the degree of offense specified for selling or offering to sell the next lower range of unit doses of crack cocaine. See R.C. 2925.03(C)(4)(e). However, the attempt would not become the lower degree offense, i.e., it would not be subject to the mandatory prison term outlined in R.C.2925.03(C)(4)(e). As a result, the trial court correctly concluded that the attempt to traffic in crack cocaine was a probationable offense."
 {¶ 53} We find the McDougald reasoning very sound, particularly the court's discussion that a conviction for an attempted crime is not converted into, or interchangeable with, a conviction for the underlying crime. For example, a conviction for attempted rape is not a conviction for rape, except with a lesser penalty. It is a conviction for attempted rape, which is a separate crime. A conviction for an attempt is a conviction in its own right, and carries its own penalty as defined by the attempt statute. In this respect, a charge of attempt is different from a charge of complicity, which may be stated in terms of the complicity statute or in terms of the principal offense. R.C. § 2923.03(F).
 {¶ 54} This point is further emphasized by the 1973 Legislative Service Commission comments attached to R.C. §2923.02:
 {¶ 55} "This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, establishes an attempt to commit anyoffense as an offense in itself. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt — in these cases, attempt is not an offense." (Emphasis added.)
 {¶ 56} If an attempt is a crime in and of itself, it would stand to reason that the provisions of the attempt statute would govern the available punishments for that crime, unless the attempt statute or some other specific statutory provision indicate otherwise. This is the position taken in McDougald,
supra.
 {¶ 57} The Tenth District Court of Appeals, in a summary opinion, also agreed that the mandatory punishment provisions of the drug trafficking statute do not apply in a conviction for attempted drug trafficking because the attempt statute does not include those mandatory provisions. State v. Moore (Mar. 31, 1997), 10th Dist. No. 96APA09-1215.
 {¶ 58} Other than the cases from the Eighth District, which we believe are inapposite, Appellee has not cited any cases which would contradict Appellant's argument or the conclusions ofMcDougald and Moore.
 {¶ 59} Neither party has cited any Ohio Supreme Court cases, but it appears that there may be Supreme Court caselaw very nearly on point that resolves this issue. In State v. Powell
(1990), 49 Ohio St.3d 255, 552 N.E.2d 191, the Supreme Court was reviewing the appropriate sentence for an attempted rape. The Supreme Court gave a short and succinct analysis defining which statute would govern the appropriate penalty for attempted rape:
 {¶ 60} "Under R.C. 2907.02(B), the forcible rape of a victim under thirteen subjects the offender to a life sentence. (Thus, the indictment in this case alleged the use of force as well as alleging that Trina was under thirteen.) However, Powell was convicted of attempted rape. No statute enhances the penalty for the attempt to forcibly rape a victim under thirteen. Under R.C. 2907.02(B), rape in any form is a first-degree aggravated felony. Therefore, attempted rape, whether forcible or not, is always a second-degree aggravated felony. R.C. 2923.02(E) [citing the attempt statute]." (Emphasis sic.) Id. at 261.
 {¶ 61} Although Powell does not deal specifically with the enhanced punishment provisions in the drug trafficking statute, its logic can be applied to any charge of attempt arising out of R.C. § 2923.02. In relation to the instant appeal, it is clear that Appellant's conviction for attempted trafficking in crack cocaine subjected him to the basic penalties for a third degree felony as set forth in R.C. § 2929.14(A)(3), i.e., one to five years in prison. Under the Supreme Court's reasoning in Powell,
the next relevant inquiry is whether there is any statute that enhances the basic penalty for attempted trafficking in crack cocaine. The drug trafficking statute, R.C. § 2925.03, makes no mention of penalties for attempted trafficking. Appellee has not cited any statute that specifically enhances the penalty for attempted drug trafficking, and we are not aware of such a statute. Therefore, only the penalty provisions of the attempt statute may be applied in this case. The attempt statute reduced Appellant's charge from a second degree felony to a third degree felony, and the general penalties for a third degree felony were available to the trial court. There is no general application of mandatory minimum prison terms for third degree felonies, and thus, the trial court erred in applying a mandatory minimum prison term in this case. That is not to say that the trial court was prohibited from imposing a prison term. The issue here is whether the prison sentence was mandatory.
 {¶ 62} The fact that the trial court misapplied a sentencing provision does not necessarily constitute reversible error, though, if Appellant was not prejudiced by the error, i.e., if the error was harmless. The harmless error rule states that any error (including an error in sentencing) which does not affect the substantial rights of the defendant is harmless and may be disregarded by the court. Crim.R. 52; see, e.g., In re Reed,147 Ohio App.3d 182, 2002-Ohio-43, 769 N.E.2d 412, ¶ 51. If the outcome of the trial was not affected by the error, then the error is harmless. State v. Burke (1995), 73 Ohio St.3d 394,406, 653 N.E.2d 242. Appellant attempts to establish prejudice in his second assignment of error by arguing that the trial court could have and should have imposed community control sanctions instead of the minimum prison term. Appellant's second assignment of error states:
 {¶ 63} "THE TRIAL COURT ERRED BY DENYING DEFENDANT/APPELLANT'S REQUEST FOR PROBATION."
 {¶ 64} In order to establish reversible error in the trial court's decision to impose a prison term rather than community control sanctions, Appellant is required to show that the court's decision was contrary to law or that the record does not support the court's findings regarding the sentence. R.C. § 2953.08(A)(4) and (G)(2). Appellant has already established that the decision to impose a mandatory prison term was contrary to law. Since the trial court interpreted the prison term as mandatory, there was no possibility of imposing community control sanctions. Yet, the court's May 9, 2005, judgment entry also stated that, "the Defendant is not amenable to community control," and that it, "balanced the seriousness and recidivism factors under R.C. 2929.12." It is unclear what the trial court's comments mean in light of the court's conclusion that prison was mandatory. Was the court balancing the seriousness and recidivism factors only to determine how long the prison sentence would be? Was Appellant not amenable to community control simply because a prison term was thought to be mandatory? The record does not provide answers to these questions.
 {¶ 65} Normally a trial court is presumed to have considered the relevant felony sentencing factors contained in R.C. §2929.12 when determining whether community control sanctions should be imposed instead of prison. State v. Cyrus (1992),63 Ohio St.3d 164, 166, 586 N.E.2d 94; State v. Adams (1988),37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus. In this case, though, the trial court specifically stated that a prison term was mandatory. Thus, the record is not actually silent on this matter, and the record works against any presumption in the trial court's favor.
 {¶ 66} Appellant contends that there was enough evidence presented to at least give the court a possibility of considering community control sanctions rather than prison. Many of the R.C. § 2929.12 factors to support community control over prison were present: Appellant had a minimal prior criminal record; there was no victim in this crime (since it was an attempted crime rather than a fully executed crime); none of the factors relating to the impact of the crime on the victim could weigh in favor of prison, since there was no victim; there is no indication that Appellant held a position of trust, or was part of organized crime, or used his profession to facilitate the crime; there was no indication that Appellant was on post-release control or some other sanction when the offense was committed. It is clear that at least some of the factors listed in R.C. § 2929.12 weighed in favor of imposing community control, and the record supports the conclusion that the trial court could have imposed community control sanctions if it had so desired. Therefore, it appears that Appellant was prejudiced by the court's erroneous legal interpretation that prison was mandatory. Appellant's second assignment of error is persuasive, and combined with his first assignment of error, constitutes reversible error.
 {¶ 67} We are aware of the recent Ohio Supreme Court case ofState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, where the Court ruled on the constitutionality of certain aspects of Ohio's felony sentencing statutes, and removed the requirement of judicial factfinding for imposing certain types of felony punishments. The issues presented in this appeal relate to aspects of felony sentencing that were not directly implicated in the Foster case, but we must note that upon resentencing, there are no longer any mandatory findings that must be set forth to impose maximum, consecutive, or more than the minimum penalties established by the felony sentencing statutes.
 {¶ 68} In conclusion, the trial court erred by interpreting R.C. § 2923.02 as containing a mandatory prison term for attempted trafficking in crack cocaine, and Appellant suffered prejudice because the legal error appears to have prevented the trial court from considering whether community control sanctions could have been imposed. Appellant's two assignments of error are sustained, and the sentence is vacated. This case is remanded to the Mahoning County Court of Common Pleas for resentencing.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.