OPINION
{¶ 1} Plaintiff-appellant, Jonathan A. Call ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary *Page 2 
judgment to defendants-appellees, Ohio Department of Rehabilitation and Correction ("ODRC") and related parties. For the following reasons, we affirm.
 {¶ 2} On November 3, 2005, appellant filed a complaint for declaratory and injunctive relief. At that time, appellant was an inmate in the North Central Correctional Institution ("NCCI"). In pertinent part, appellant sought a declaration that ODRC's policy concerning smoking at NCCI was unlawful and an injunction against further enforcement of the policy or retaliation against appellant. The record discloses that appellant is no longer an inmate at NCCI; he is currently an inmate at Mansfield Correctional.
 {¶ 3} On cross-motions for summary judgment, the trial court entered summary judgment in favor of ODRC. On appeal, appellant raises the following assignments of error:
 [I.] THE TRIAL COURT ERRED IN GRANTING [ODRC'S] MOTION FOR CROSS SUMMARY [JUDGMENT] WHEN THE OHIO STATUTE THE COURT WAS REVIEWING CLEARLY SHOWS [ODRC] WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.
 [II] THE TRIAL COURT ERRED IN NOT GRANTING [APPELLANT'S] MOTION FOR SUMMARY [JUDGMENT] WHEN THE OHIO REVISED CODE IN QUESTION CLEARLY WAS INTENDED BY THE LEGISLATURE TO NOT ALLOW [ODRC] TO PROHIBT SMOKING WITHIN THE HOUSING-DORM[I]TORY UNITS OF [NCCI], THE STATUTE IN QUESTION ONLY ALLOWS [ODRC] TO MAKE TOBACCO FREE HOUSING/DORM[I]TORY UNITS, NOT SMOKE FREE HOUSING/DORM[I]TORY UNITS.
 [III] THE TRIAL COURT [CLEARLY] MISINTERPRETED [R.C. 5145.32] WHEN THE LEGISLATURE EXPRESSLY PERMITTED [ODRC] TO MAKE ONE OR MORE HOUSING DORM[I]TORY UNITS TOBACCO FREE, BUT NOT SMOKE FREE AS [ODRC] HAS DONE BY IMPLEMENTING D.R.C. POLICY 10 saf 01. *Page 3 
 [IV] THE TRIAL COURT ERRED AND ABUSED [ITS] DISCRETION WHEN IT RULED IN FAVOR OF [ODRC] IN [ITS] CROSS MOTION FOR SUMMARY [JUDGMENT] IN RELATION TO [APPELLANT'S] CLAIMS OF RETALIATION AND HARASSMENT, BECAUSE THAT ISSUE WAS NOT FULLY DEVELOPED AND WAS NOT AN ISSUE THAT THE COURT COULD GRANT SUMMARY [JUDGMENT] UPON, ISSUES CONTAINING ISSUES OF MATERIAL FACTS THAT WERE NOT DEVELOPED AND/OR LITIGATED FULLY/RESOLVED, AND QUESTIONS OF FACT STILL REMAINED.
 {¶ 4} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 5} When proper evidence supports a motion for summary judgment, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts entitling him to relief. Wing v. Anchor Media, *Page 4 Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 6} Appellant's first three assignments of error arise from the trial court's interpretation of R.C. 5145.32, which provides:
 (C) No person shall smoke or use tobacco in a building of the north coast correctional treatment facility in Grafton, Lake Erie correctional institution, Toledo correctional institution, Hocking correctional facility, Oakwood correctional facility, northeast pre-release center, Franklin pre-release center, or Montgomery education pre-release center.
 (D)(1) The director of rehabilitation and correction shall designate at least one tobacco-free housing area within each state correctional institution that is not identified in division (B) or (C) of this section.
 (2) No person shall smoke or use tobacco in an area designated by the director under division (D)(1) of this section.
 {¶ 7} We begin with the principle that, "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. Thus, "[i]t is only where the words of a statute are ambiguous or are based upon an uncertain meaning or there is an apparent conflict of some provisions that a court has the right to interpret a statute." Drake-Lassie v. State Farm Ins. Cos. (1998),129 Ohio App.3d 781, 788, citing Kroff v. Amrhein (1916), 94 Ohio St. 282. And, "[u]nless words are otherwise defined or a contrary intent is clearly expressed," we must give words contained in a statute "their plain and ordinary meaning." Cincinnati Metro. *Page 5 Hous. Auth. v. Morgan, 104 Ohio St.3d 445, 2004-Ohio-6554, at ¶ 6, citing Coventry Towers, Inc. v. Strongsville (1985), 18 Ohio St.3d 120,122, and Youngstown Club v. Porterfield (1970), 21 Ohio St.2d 83, 86.
 {¶ 8} Here, we agree with the trial court's reading of R.C. 5145.32. Contrary to appellant's arguments, R.C. 5145.32(D)(1) authorizes ODRC to designate "at least one tobacco-free housing area" within NCCI because NCCI is not one of the institutions identified in R.C. 5145.32(B) or (C). Under the plain wording of the statute, this authorization to designate "at least" one housing area as tobacco-free includes the authority to designate all housing areas as tobacco-free, as ODRC apparently did at NCCI. There is simply no different legislative intent indicated.
 {¶ 9} Moreover, contrary to appellant's argument, we discern no meaningful difference between the statute's use of the term "tobacco-free," as opposed to "smoke-free." R.C. 5145.32(D)(2) provides: "No person shall smoke or use tobacco in an area designated by the director" as a tobacco-free housing area. Thus, the statute specifically prohibits smoking.
 {¶ 10} Because we conclude that the trial court interpreted R.C.5145.32 correctly, we overrule appellant's first, second, and third assignments of error.
 {¶ 11} In his fourth assignment of error, appellant asserts that the trial court erred when it granted summary judgment to ODRC on his claims of retaliation and harassment. Appellant argues that questions of material fact remain, and, therefore, summary judgment was not appropriate. We disagree.
 {¶ 12} First, to the extent that appellant sought an injunction against further enforcement of the smoking ban at NCCI against him, we agree with ODRC that this *Page 6 
request is now moot. Our record reflects that appellant is no longer an inmate at NCCI; rather, he is now an inmate at Mansfield Correctional. Thus, an injunction against enforcement of the smoking ban at NCCI would have no impact on him. See Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, quoting Culver v. City of Warren (1948), 84 Ohio App. 373, 393 (describing {PRIVATE "TYPE=PICT; ALT=Go to the description of this Headnote."} moot actions as those that "`involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations'").
 {¶ 13} Second, as the trial court found, ODRC officials had authority to discipline appellant for violating the smoking ban. R.C. 5145.32(E) requires ODRC to adopt rules that establish procedures for the enforcement of tobacco-free designations "and that establish disciplinary measures for a violation" of those designations.
 {¶ 14} Third, our review of the record confirms the trial court's finding that appellant presented no proper evidence or authority to support his claims of constitutional violations and retaliation. Instead, appellant's evidence was self-serving, irrelevant to his constitutional claims or, as in the case of the conduct report and supplement, unsupportive of those claims. Thus, the trial court properly concluded that no issues of material fact remain, and we overrule appellant's fourth assignment of error.
 {¶ 15} In conclusion, we overrule appellant's first, second, third, and fourth assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
 Judgment affirmed. *Page 7 
TYACK and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1