OHIO BUREAU OF WORKERS' COMPENSATION, Appellee,

v.

WILLIAMS, Appellee; Motorists Mutual Insurance Company, Appellant.

[Cite as *Ohio Bur. of Workers' Comp. v. Williams,*
180 Ohio App.3d 239, 2008-Ohio-6685.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–657.

Decided Dec. 18, 2008.

Adam J. Bennett and Andrew P. Cooke, Special Counsel for Ohio Attorney General, for appellee Bureau of Workers' Compensation.

Weston Hurd L.L.P., and W. Charles Curley, for appellant.

FRENCH, Judge.

{¶ 1} Defendant-appellant, Motorists Mutual Insurance Company ("Motorists"), appeals from the judgment of the Franklin County Court of Common

Pleas, which granted summary judgment in favor of plaintiff-appellee, the Ohio Bureau of Workers' Compensation ("BWC"). Because we agree with the trial court's interpretation of applicable statutory provisions, we affirm.

{¶ 2} On December 3, 2007, BWC filed a complaint to recover sums it paid to an injured worker, Annette Williams. The complaint alleged that Williams subsequently entered into a settlement agreement with Motorists on a claim arising from the same injuries, but that neither Motorists nor Williams had notified BWC or the Ohio Attorney General ("AGO") of the settlement. Specifically, BWC sought to recover (1) $7,639.53 it paid for medical expenses and wage benefits and (2) $5,020 it estimated it would pay for future medical expenses, for a total of $12,659.53. In its answer, Motorists admitted that the settlement had been made, but alleged that Williams had not made it aware of a subrogation lien.

{¶ 3} BWC moved for summary judgment, arguing that R.C. 4123.931 imposes joint and several liability upon claimants and insurance companies who settle without reimbursing BWC's subrogation interest. Having settled Williams's claim without reimbursing BWC for its payments, BWC argued, Motorists and Williams were jointly and severally liable for $12,751.44.[1] Thereafter, the parties filed stipulations, which stated that (1) Motorists had paid a total of $6,200 to Williams to settle her claim against its insured, (2) Motorists did not contact BWC prior to the settlement, and (3) Motorists had not reimbursed BWC for payments BWC made to or on behalf of Williams.

{¶ 4} Motorists opposed summary judgment. Motorists conceded that it was potentially liable to BWC. Motorists argued, however, that BWC did not have an unlimited right to recover under R.C. 4123.931 and that BWC had not established that the expenses BWC paid on Williams's behalf were incurred as a result of the insured's negligence, that the services were medically necessary, or that the amounts paid were reasonable. Motorists also challenged BWC's basis for paying wage benefits and its estimate of future medical expenses.

{¶ 5} The trial court granted summary judgment in favor of BWC. Based on R.C. 4123.931(G), the court concluded that BWC was entitled to recover the full amount of its subrogation interest and, therefore, that Motorists and Williams were jointly and severally liable to BWC for $12,751.44.

{¶ 6} Motorists filed a timely appeal, and it raises one assignment of error: In light of the [BWC's] failure to prove the matters that the injured employee would have to have proved had she sued the at-fault party directly, the trial court erred in granting the motion for summary judgment filed by BWC.

---

1. We note that this amount differs slightly from the amount BWC originally sought in its complaint.

{¶ 7} In this assignment, Motorists argues that the trial court erred in granting summary judgment in favor of BWC. We disagree.

{¶ 8} We review a summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown* at 711, 622 N.E.2d 1153. We must affirm the trial court's judgment if any grounds that the movant raised in the trial court support it. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 10} Here, the facts underlying the judgment are undisputed. The parties agree that BWC paid a total of $7,751.44 for medical expenses and wage benefits and that BWC has estimated that its payments for future medical expenses will total $5,000. The parties also agree that Motorists and Williams entered into a settlement agreement by which Motorists paid $6,200 to Williams to settle her claim against Motorists' insured. Motorists did not contact BWC prior to the settlement, and Motorists did not reimburse BWC for its payments.

{¶ 11} The parties disagree, however, as to the application of R.C. 4123.931 to the facts of this case. We turn, then, to the statute.

{¶ 12} We begin with the principle, "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus. Thus, "[i]t is only where the words of a statute are ambiguous or are based upon an uncertain meaning or there is an apparent conflict of some provisions that a court has the right to

interpret a statute." *Drake–Lassie v. State Farm Ins. Cos.* (1998), 129 Ohio App.3d 781, 788, 719 N.E.2d 64, citing *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267. And "[u]nless words are otherwise defined or a contrary intent is clearly expressed," we must give words contained in a statute "their plain and ordinary meaning." *Cincinnati Metro. Hous. Auth. v. Morgan,* 104 Ohio St.3d 445, 2004-Ohio-6554, 820 N.E.2d 315, ¶ 6, citing *Coventry Towers, Inc. v. Strongs-ville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412, and *Youngstown Club v. Porterfield* (1970), 21 Ohio St.2d 83, 86, 50 O.O.2d 198, 255 N.E.2d 262.

{¶ 13} R.C. 4123.931 creates and defines rights of subrogation for payments of compensation or benefits in workers' compensation claims. R.C. 4123.931(G) requires a claimant to notify a statutory subrogee (as applied here, BWC) and the AGO of the identity of all third parties against whom the claimant has or may have a right to recovery. No settlement or other recovery is final unless the claimant has given BWC and the AGO prior notice and a reasonable opportunity to assert BWC's subrogation rights. Most important for our purposes, R.C. 4123.931(G) states: "If a statutory subrogee and, when required, [the AGO] are not given that notice, or if a settlement or compromise excludes any amount paid by the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest."

{¶ 14} Applying the express language of R.C. 4123.931, because notice was not given to BWC or the AGO prior to Motorists' settlement with Williams, Motorists and Williams are jointly and severally liable to pay BWC "the full amount of the subrogation interest." To determine the meaning of "subrogation interest," we look to R.C. 4123.93(D), which defines "subrogation interest" for these purposes. That section states: " 'Subrogation interest' includes past, present, and estimated future payments of compensation, medical benefits, rehabilitation costs, or death benefits, and any other costs or expenses paid to or on behalf of the claimant by the statutory subrogee" pursuant to certain statutory provisions. R.C. 4123.93(D).

{¶ 15} Applying the express statutory definition of "subrogation interest," Motorists and Williams are jointly and severally liable for all the payments BWC made for medical expenses and wage benefits. They are also jointly and severally liable for BWC estimated future payments.

{¶ 16} We reject Motorists' attempt to limit BWC's rights under the statute as arising from a subrogation interest that allows BWC to recover only to the extent that Williams could have recovered against Motorists' insured—that is, only if the expenses were directly related to the insured's negligence, they were medically necessary, or the amounts paid were reasonable. Based on the express statutory language before us, we conclude that, where the required notices were not

provided, R.C. 4123.931(G) grants BWC the right to recover its past, present, and future estimated payments. We agree with the trial court's conclusion that "[h]ad Motorists or Ms. Williams wished to avoid liability for all or part of the BWC's subrogation interest they could have done so by following the procedures set forth in R.C. 4123.931." On these grounds, we overrule Motorists' assignment of error.

{¶ 17} Having overruled Motorists' only assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

KLATT and TYACK, JJ., concur.