[Cite as *McKinney v. Omni Die Casting, Inc.*, 2017-Ohio-2949.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| ZACHARY L. MCKINNEY | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, Jr. |
| | : | |
| -vs- | : | |
| | : | Case No.  2016CA00150 |
| OMNI DIE CASTING, INC., ET AL | : |    2016CA00152 |
| | : | |
| Defendants-Appellants | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No. 2015CV00838

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     May 22, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Omni Die Casting, Inc.

A. JAMES  TSANGEOS                DAVID BUTZ
1810 36th Street N.W.                    4775 Munson Street N.W.
Canton, OH  44709                    Box 36963
                            Canton, OH 44735

                            For Bureau of Workers' Compensation
                            EDWARD SAADI
                            970 Windham Court, Suite 7
                            Boardman, OH 44512

*Gwin, P.J.*

{¶1}   Appellants appeal the July 5, 2016 judgment entry of the Stark County Court of Common Pleas denying the Bureau of Workers' Compensation motion to intervene.

*Facts & Procedural History*

{¶2}   In April of 2013, appellee Zachary McKinney ("McKinney") was injured while operating an aluminum die casting machine at appellant Omni Die Casting's ("Omni") plant in Massillon, Ohio.  McKinney was in the course and scope of his employment at the time of his injuries.  McKinney filed a claim with appellant Ohio Bureau of Workers' Compensation ("BWC").   The BWC paid McKinney's medical bills and provided compensation to McKinney.   As of February 5, 2016, the BWC had paid McKinney $224,274.85, $196,527.57 in medical bills and $27,747.28 in compensation.   The estimated future costs of McKinney's claims are $136,637.49.

{¶3}   On April 25, 2015, McKinney filed an intentional tort claim against Omni. On February 17, 2016, McKinney filed a second amended complaint to add claims for spoliation and fraud against Omni and appellant Derek Lidderdale ("Lidderdale"), the vice-president of Omni.

{¶4}   The BWC filed a motion for leave to intervene on March 11, 2016.  The BWC averred that McKinney was in the course and scope of his employment when he was injured and filed a workers' compensation claim. Further, that the BWC paid $224,274.85 on McKinney's claim and estimated future costs of the claim were $136,637.49.  The BWC argued R.C. 4123.93 and R.C. 4123.931 create an independent right of recovery in favor of a statutory subrogee, here, the BWC, against a third party

who may be liable to McKinney for his injuries.  Thus, the BWC contended it should be permitted to intervene to protect its subrogation rights under these statutes.

{¶5}    McKinney filed a memorandum in opposition to the BWC's motion to intervene.  McKinney argued R.C. 4123.93 and R.C. 4123.931 are not applicable in intentional tort cases and that Omni was not a statutory "third party" pursuant to the subrogation statutes.

{¶6}    The trial court issued a judgment entry denying the BWC's motion to intervene on July 5, 2016.  The trial court found ambiguity in R.C. 4123.93 and determined the statute should be construed liberally in favor of McKinney.  Further, that the definition of "employer" in R.C. Chapter 4123 does not include the term "third party."  The trial court acknowledged the purpose of R.C. 4123.931 is to prevent double recovery, but found if the BWC was permitted to intervene in this case, it would likely result in no recovery for McKinney after he paid the subrogation amount to the BWC.  Thus, it would result in McKinney having little incentive to pursue the case against Omni.

{¶7}    On August 2, 2016, the BWC filed an appeal with this Court.  Also on August 2, 2016, the BWC filed with the trial court a motion to reconsider its order denying their motion to intervene.  Omni and Lidderdale filed their appeal with this Court on August 3, 2016.  The trial court issued a judgment entry on August 9, 2016, denying the BWC's motion to reconsider.

{¶8}    The BWC, Omni, and Lidderdale appeal the July 5, 2016 judgment entry of the Stark County Court of Common Pleas.  Omni and Lidderdale assigned the following as error:

{¶9}   "I. THE TRIAL COURT ERRED WHEN IT DENIED THE BUREAU OF WORKERS' COMPENSATION'S MOTION FOR LEAVE TO INTERVENE ON THE BASIS THAT R.C. 4123.93 AND R.C. 4123.931 ARE AMBIGUOUS BECAUSE SUBSECTION (C) OF R.C. 4123.93 DOES NOT INCLUDE THE TERM "EMPLOYER" IN THE DEFINITION OF "THIRD PARTY.""

{¶10}   The BWC assigned the following as error:

{¶11}   "I. THE TRIAL COURT ERRED WHEN IT DENIED THE OHIO BWC'S MOTION FOR LEAVE TO INTERVENE ON THE BASIS THAT EMPLOYERS ARE NOT INCLUDED WITHIN THE DEFINITION OF "THIRD PARTY" SET FORTH IN R.C. 4123.93(C)."

{¶12}   Because the assignments of error deal with the same issue, we will address them together.

*Final Appealable Order*

{¶13}   McKinney first argues the July 5th order by the trial court is not a final, appealable order.  Appellants contend the order is a final, appealable order as it falls under R.C. 2505.02(B)(4) as a provisional remedy.

{¶14}   R.C. 2502.02(B) provides, in pertinent part:

[A]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (4) An order that grants or denies a provisional remedy and to which both of the following apply:  (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; (b) The

appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to al proceedings, issues, claims, and parties in the action.

**{¶15}** We have previously held that, in order to qualify as a final appealable order under R.C. 2505.02(B)(4): the order must grant or deny a provisional remedy; the order must make a final determination as to the motion to intervene and prevent a judgment in favor of the BWC; and no meaningful remedy can be provided to the party later on appeal. *Helfrich v. Madison*, 5th Dist. Licking No. 08-CA-150, 2009-Ohio-5140; *Northeast Professional Home Care, Inc. v. Advantage Home Health Services*, 5th Dist. Stark No. 2009-CA-00180, 2010-Ohio-1640.

**{¶16}** In this case, the denial of the motion to intervene denies a provisional remedy because the motion to intervene is ancillary to the intentional tort action. Additionally, the denial of the motion to intervene denies a provisional remedy ancillary to the intentional tort claim because, if R.C. 4123.931(G) is found not to be met, Omni and McKinney are jointly and severally liable for the full amount of benefits paid by BWC to McKinney.

**{¶17}** Further, the trial court's order denying intervention prevents a judgment in favor of the BWC as the BWC cannot assert its subrogation rights in this action. Finally, a meaningful and effective remedy would not be provided as BWC's statutory subrogation rights would not be protected and thus Omni and McKinney could be jointly and severally liable for the full amount of the benefits the BWC paid McKinney if McKinney would prevail in his intentional tort claim. Further, if McKinney succeeds in his claim against Omni and the judgment is paid without the BWC intervening in this case, the BWC will bring suit

against McKinney and Omni. If McKinney is not collectible when the BWC receives its judgment, the BWC will seek collection from Omni and thus, Omni will have paid the same sum twice. Therefore, we find the denial of the motion to intervene is a provisional order and meets the requirements in R.C. 2505.02(B)(4).

{¶18} McKinney cites *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519 for the proposition that the denial of a motion to intervene is not a final appealable order. However, in *Gehm,* the Supreme Court held specifically that "a motion to intervene for the purpose of establishing a record in a separate action is not an ancillary proceeding to an action and does not qualify as a provisional remedy for the purposes of R.C. 2502.02," not for the general proposition that the denial of a motion to intervene can never be a final appealable order. *Id.* We find the instant case distinguishable from *Gehm*, as the BWC did not seek to intervene to acquire information it intended to use in a separate proceeding, but sought intervention to protect its statutory right of subrogation.

{¶19} McKinney also contends the July 5th order is not final and appealable because Civil Rule 54(B) language was not included in the entry and the case involves multiple claims and parties that have yet to be adjudicated. However, in *State ex rel. Butler Co. Children Services Board v. Sage,* 95 Ohio St.3d 23, 2002-Ohio-1494, 764 N.E.2d 1027, the Supreme Court found the entry that granted the provisional remedy did not need to comply with Civil Rule 54(B) in order to constitute a final appealable order because a provisional remedy is a remedy "other than a claim for relief." See also *Premier Health Care Services, Inc. v. Schneiderman*, 2nd Dist. Montgomery No. 18795, 2001 WL

1479241 (Aug. 21, 2001).  In this case, the BWC's motion to intervene is not a cause of action, but is a remedy that allows the BWC to assert its statutory right of subrogation.

{¶20}  McKinney finally argues Omni and/or the BWC should have appealed from the trial court's August 9, 2016 judgment entry denying the BWC's motion for reconsideration since it contained Civil Rule 54(B) language.  However, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment is entered.  *Pitts v. Ohio Dept. of Transportation,* 67 Ohio St.3d 389, 423 N.E.2d 1105 (1981).  For this reason, a judgment entered on a motion for reconsideration is a nullity and a party cannot appeal from such a judgment.  *Primmer v. Lipp,* 5th Dist. Fairfield No. 02-CA-94, 2003-Ohio-3577; *Shirley v. Republic-Franklin Ins. Co.*, 5th Dist. Stark No. 2002CA00247, 2003-Ohio-4039.

{¶21}  Based on the foregoing, we find the July 5th judgment entry is a final appealable order pursuant to R.C. 2505.02(B)(4).

*Standard of Review*

{¶22}  In the BWC's motion to intervene, it does not explicitly state which provision of Civil Rule 24 it was seeking intervention under.  However, the BWC asserts it has a statutory right to intervene.  Thus, the BWC's motion was based on intervention as of right pursuant to Civil Rule 24(A).  We have previously held that for motions to intervene based on Civil Rule 24(A), this Court's standard of review is *de novo.  Deutsche Bank Nat'l Trust Co. v. Hill,* 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575.

*Omni as "Third Party" as defined in R.C. 4123.93(C)*

{¶23}  Appellants argue Omni is a "third party" and therefore the BWC has a right to reimbursement of payments made in McKinney's claim.  McKinney contends Omni

does not satisfy the definition of "third party" under R.C. 4123.93(C) and thus the BWC has no right of subrogation in this case; thus, there is no need for the BWC to intervene.

{¶24} R.C. 4123.931 creates and defines rights of subrogation for payments of compensation benefits in workers' compensation claims. Under the current version of R.C. 4123.931, the payment of workers' compensation benefits "creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery." R.C. 4123.93(C) defines "third party" as an "individual, private insurer, public or private entity, or public or private program that is or may be liable to make payments to a person without regard to any statutory duty contained in this chapter." R.C. 4123.931(I) provides that the statutory subrogation right of recovery, "applies to, but is not limited to, all of the following * * * (3) amounts recoverable from an intentional tort action."

{¶25} McKinney argues ambiguity should be construed liberally in favor of him and against appellants. Further, that Omni is not a "third party" because the term "employer" is not included in the definition of "third party" in R.C. 4123.93 and because the definition of "employer" contained in R.C. 4123.01(B) does not define an employer as a "third party." R.C. 4123.01(B). Finally, that Omni is not a "third party" because a third party does not include a party who has a statutory obligation under this chapter; since Omni has a statutory duty, it cannot be considered a third party; and R.C. 4123.931(I)(3) only applies to intentional torts committed by third parties.

{¶26} Absent ambiguity, the court must give effect to the plain meaning of a statute. *Cablevision of the Midwest, Inc. v. Gross*, 70 Ohio St.3d 541, 1994-Ohio-505,

639 N.E.2d 1154.  "Where a statute defines terms used therein, such definition controls in the application of the statute, even though such definition may vary from that employed as to similar words in other statutes."  *Good Samaritan Hospital v. Porterfield*, 29 Ohio St.2d 25, 278 N.E.2d 26 (1972).

**{¶27}**  R.C. 4123.93(C) includes within the definition of "third party" any "private entity" which is or may be liable to a person.  The term "private entity" encompasses, within its own meaning, private entities that are employers.  An "entity" is defined as "an organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners."  *Black's Law Dictionary* (10th Ed. 2014).  In this case, Omni is a business organization that has a legal identity apart from its members or owners.  Omni may be liable to make payments to McKinney based on McKinney's intentional tort and/or spoliation of evidence claims.  See *Ohio Bureau of Workers' Compensation v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814 (holding a statutory subrogee can recover from a claimant and/or a third party only if the third party is liable to the claimant in tort).

**{¶28}**  Excluding a "private entity" from the scope of R.C. 4123.93(C) simply because the private entity is the claimant's employer also directly contradicts the unambiguous language of R.C. 4123.931(I)(3) which specifically provides subrogation rights apply to intentional tort actions.

**{¶29}**  Additionally, pursuant to a plain reading of R.C. 4123.93(C), Omni is not excluded from being a "third party" because they have a statutory duty to pay workers' compensation benefits.  Rather, the statute provides a third party is a private entity that may be liable to make payments to a person "without regard to any statutory duty."  The

phrase "regard" is defined as "attention, care, or consideration." *Black's Law Dictionary* (10th ed. 2014). Thus, the statute provides a third party is a private entity that may be liable to make payments to a person without any consideration/care/attention paid to any statutory duty. Substituting any of these words for term "regard" demonstrates that even if a private entity has a statutory duty under the workers' compensation statute, it may still qualify as a "third party" under R.C. 4123.93(C). The case cited by McKinney in support of his argument, *In the Matter of the Estate of Todd M. Jones,* Huron C.P.No. ES 2004 00159 (April 13, 2006), is a trial court case and is further distinguishable from the instant case as it addressed settlement funds received from a violation of a specific safety rule, not from an intentional tort claim.

{¶30} Based on the foregoing, we find the statute is unambiguous and the terms are clearly defined within the statute. Giving effect to the statute's plain meaning, the legislature did not intend "third party" to exclude employers when it specifically provided that statutory subrogees have a right of subrogation in intentional tort actions and when the definition of "third party" includes a "private entity."

*Case Law*

{¶31} Appellants argue case law supports the conclusion that an employer is included in the definition of "third party" under R.C. 4123.93(C), while McKinney contends the case law supports the conclusion that an employer is not included in the definition of "third party" under R.C. 4123.93(C). We agree with appellants.

{¶32} McKinney cites several common pleas court cases in support of its position. However, both *Kirk v. A.R.E.*, Inc., Stark C.P.No. 1996cv00557 (Jan. 25, 1997) and *Minnich v. Gen. Electric, Cuyahoga* C.P.No. 359939 (March 6, 1999), are distinguishable

because they were decided prior to 2003 and relied on a version of R.C. 4123.931 that did not include section (I)(3), which was added to the statute in a 2003 revision. With the addition of section (I)(3), the "statutory subrogation right of recovery applies to, but is not limited to, all of the following: * * * (3) Amounts recoverable from an intentional tort action."

**{¶33}** Other courts considering this issue have found employers to be third parties for purposes of the subrogation statute. In *Ohio Bureau of Workers' Compensation v. Miller,* 10th Dist. Franklin No. 12AP-753, 2013-Ohio-2072, an employee who was injured on the job and received workers' compensation benefits settled an intentional tort claim against his employer without notifying the BWC. The BWC filed suit against the claimant and employer pursuant to R.C. 4123.931(G) to recover the entire amount, jointly and severally from the claimant and the employer, because they settled without reimbursing the BWC for the payments it made. *Id.*

**{¶34}** On appeal, the parties disputed whether the employer qualified as a third party pursuant to R.C. 4123.93(C). *Id.* The employer argued since the worker did not actually pursue any intentional tort claim against it for damages arising out of the workplace incident, the employer was not a third party pursuant to R.C. 4123.93. *Id.* The Tenth District Court of Appeals found that while the worker did not file or threaten a lawsuit against the employer, he possessed a potential claim against the employer for intentional tort*. Id.* The Tenth District further held that the existence of a potential claim, regardless of its merit, means the employer could have been liable in tort for the worker's damages and thus the employer "falls within the statutory definition of 'third party.'" *Id.*

**{¶35}** The District Court for the Northern District of Ohio addressed the issue in a case factually analogous to the instant case. In *Mills v. Tekni-Plex,* N.D.Ohio No.

1:10CV1354, 2011 WL 2076469 (April 29, 2011), the plaintiffs filed an intentional tort claim against their employers for injuries they sustained during the course and scope of their employment.  The BWC filed a motion to intervene as party plaintiff pursuant to Fed.R.Civ.P. 24(a) and argued that it paid benefits to plaintiffs and therefore had a statutory subrogation interest under R.C. 4123.93 and R.C. 4123.931 for any proceeds the plaintiffs may receive as a result of their suit.  *Id.*

**{¶36}** The plaintiffs in *Mills* opposed the BWC's intervention and argued the employer was not a third party pursuant to the subrogation statues*. Id.*  In support of their argument, plaintiffs relied on the two decisions that McKinney relies on in this case, *Kirk and Minnich.  Id.*  However, the district court found these cases distinguishable from the Mills case, as they were decided prior to the revised version of R.C. 4123.931 which specifically grants statutory subrogation rights in intentional tort actions.  *Id.*  The district court also rejected the plaintiffs' argument that the employer was a "first or second party" to the workers' compensation claim and not a third party.  *Id.*

**{¶37}**  The court held in *Mills* that, "the statute is unambiguous and the terms are clearly defined within the statute.  Giving effect to its plain meaning, the legislature did not intend for "third party" to exclude employers when it specifically provided that statutory subrogees have a right of subrogation in intentional tort actions."  *Id.*  The district court found the BWC demonstrated a right of intervention under Rule 24(a) and thus found the BWC was permitted to intervene as a party plaintiff pursuant to Rule 24(a).  *Id.*

**{¶38}**  Additionally, as noted by the court in *Mills,* other courts have allowed the BWC to appear as a named party plaintiff in order to recover its statutory subrogation rights.  *Id.*; *Marineau v. Lang Masonry Contractors, Inc.,* S.D.Ohio No. 2:08-CV-996, 2010

WL 597812 (Feb. 17, 2010) (realigning the BWC as a new party plaintiff); *Smith v. Jones*, 175 Ohio App.3d 705, 2007-Ohio-6708, 889 N.E.2d 141 (3rd Dist.) (granting the motion to realign the BWC as a party plaintiff); *Figley v. Ivex Protective Packaging, Inc.,* 3rd Dist. Shelby No. 17-16-02, 2016-Ohio-3501 (granting BWC's motion to realign as third party plaintiff and entering summary judgment in favor of the BWC for its subrogation interest).

**{¶39}** Further, R.C. 4123.931(G) specifically makes the third party and the claimant jointly and severally liable to pay the subrogation interest if a claimant does not give notice of the claimant's actual or potential right of recovery or if a settlement excludes any amount paid by the statutory subrogee.

**{¶40}** Courts addressing this issue have strictly construed this statute. *Rivers v. Otis Elevator*, 8th Dist. Cuyahoga No. 99365, 2013-Ohio-3917 (finding that when a worker failed to give prior notice of settlement with a third party, the self-insured employer was entitled to recover the full amount paid in workers' compensation to the injured worker for her work-related injuries and was not limited to the lower amount the worker received in settlement of her third-party claim for those injuries); *Ohio Bureau of Workers' Compensation v. Williams,* 180 Ohio App.3d 239, 2008-Ohio-6685, 905 N.E.2d 201 (10th Dist.) (finding when neither party notified the BWC prior to settlement, the worker and insurance company were jointly liable and the BWC had a right to recover its past, present, and future estimated payments and rejecting the insurance company's attempt to limit the BWC's rights to the amount the worker could have recovered against the insurance company). Pursuant to the statute and case law, if the BWC is denied the right to intervene and McKinney and Omni settle the matter or McKinney receives a jury verdict in its favor, Omni and McKinney may be held jointly and severally liable for the full amount

of any benefits the BWC paid McKinney. Intervention by the BWC precludes the possibility of joint and several liability for McKinney and Omni for the full amount the BWC paid McKinney by ensuring the BWC has notice of the action and ensuring any settlement or jury verdict includes the amounts paid by the BWC.

*Public Policy*

{¶41} McKinney contends the recognition of an employer as a "third party" under R.C. 4123.93(C) violates Ohio public policy. Specifically, McKinney argues Ohio has a long-standing policy prohibiting insurance against liability for intentional torts and that the premiums paid by Omni do not provide insurance against intentional tort actions under R.C. 2745.01.

{¶42} However, the BWC is not the equivalent of a private insurance company. In a typical insurance subrogation case an insurer's subrogation claim is based on the negligence of the tortfeasor and is derivative of the insured's rights. *Ohio Bureau of Workers' Compensation v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814. The BWC's subrogation right instead arises from the Workers' Compensation Act itself. *Id.* The Ohio Supreme Court found workers' compensation subrogation "cannot be analogized to a typical insurance subrogation." *Id.*

{¶43} Further, the Ohio Supreme Court has recognized that the state may prevent a victim "from recovering twice for the same item of loss or type of damage, once from the collateral source and again from the tortfeasor." *Holeton v. Crouse Cartage Co.,* 92 Ohio St.3d 115, 2001-Ohio-109, 748 N.E.2d 1111. Thus, a claimant has a constitutionally protected interest in his tort recovery only to the extent that is does not duplicate the amount paid by the BWC. *Id.* Ohio "has an important interest in preserving the process

of seeking reimbursement for benefits expended, and avoiding double recovery by workers' compensation claimants." *Johnson v. Ohio Bureau of Workers' Compensation,* N.D. Ohio No. 1:13CV1199, 2014 WL 296875 (Jan. 27, 2014).  In finding the current versions of R.C. 4123.93 and R.C. 4123.931 constitutional, the Ohio Supreme Court found "virtually every jurisdiction provides some statutory mechanism enabling the employer or fund to recover its workers' compensation outlay from a third-party tortfeasor." *Groch v. General Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377.

**{¶44}** The trial court raised a public policy concern that to permit the BWC to intervene would more than likely result in no recovery for McKinney after he paid the subrogation amount to the BWC and would result in McKinney having little incentive to pursue the case against Omni.  This concern was prevalent in the previous version of the subrogation statutes, as the previous version of R.C. 4123.931 contained provisions that allowed for a windfall for the BWC and did not allow the claimant to demonstrate that portions of the settlement did not duplicate workers' compensation benefits received. *Holeton v. Crouse Cartage Co.*, 92 Ohio St.3d 115, 2001-Ohio-109, 748 N.E.2d 1111.

**{¶45}** However, the current version of the statute, enacted after the Ohio Supreme Court found the previous version unconstitutional, does not give the BWC dollar-to-dollar reimbursement for the amount it has paid unless a claimant and third party failed to afford the BWC a reasonable opportunity to assert its subrogation right.  The current version of R.C. 4123.931 now provides a pro rata formula to determine the amount allocated to each party and applies to both settled claims and judgment awards of damages.  R.C. 4123.931(B) and R.C. 4123.931(D)(1).

**{¶46}** The BWC can recover a pro rata percentage of a plaintiff's "net amount recovered," which R.C. 4123.93(E) defines as the "amount of any award, settlement, compromise or recovery by a claimant against a third party, minus the attorney's fees, costs, or other expenses incurred by the claimant in securing the award, settlement, compromise, or recovery," but does not include any punitive damages that may be awarded by a judge or a jury.  The pro rata formula for claims that are settled and/or when a plaintiff proceeds to trial and damages are awarded are detailed in R.C. 4123.931(B) and R.C. 4123.931(D).  Consideration of a claimant's financial incentive to pursue a tort claim is thus taken into account in these statutory formulas used to calculate the BWC's participation in settlements and verdicts.  These formulas ensure subrogation acts only on the amounts the subrogee had compensated or will compensate through workers' compensation by utilizing a pro rata distribution.  *Smith v. Jones,* 175 Ohio App.3d 705, 2007-Ohio-6708, 889 N.E.2d 141 (3rd Dist.).  Through these formulas, R.C. 4123.931 affords claimants who settle and who proceed to trial a method by which to demonstrate that their tort recovery did not duplicate their workers' compensation benefits.  *Id.*

**{¶47}** Accordingly, we find the recognition of an employer as a "third party" under R.C. 4123.93(C) does not violate Ohio public policy.

{¶48}  Based on the foregoing, we find the trial court erred in denying the BWC's motion to intervene.  Appellants' assignments of error are sustained.  The July 5, 2016 judgment entry of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with this opinion.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur